IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| IMERGENT, INC., a Delaware corporation, and STORESONLINE, INC., a Delaware corporation,<br><br>    Plaintiffs,<br><br><br><br>    vs.<br><br><br><br>FRANCINE A. GIANI, in her official capacity as Executive Director of the Utah Department of Commerce, KEVIN V. OLSEN, in his official capacity as Director of the Division of Consumer Protection, and KENT NELSON, individually and in his official capacity as Chief Investigator, Division of Consumer Protection,<br><br>    Defendants. | ORDER GRANTING DEFENDANTS' MOTION TO DISMISS<br><br><br><br><br>Case No. 2:06-cv-00720 |

Before this court, iMergent, Inc., and StoresOnline, Inc., (collectively, "iMergent')

challenge the constitutionality of the application of a Utah statute and of the actions of the Utah

Division of Consumer Protection.  Specifically, iMergent asks this court to issue a declaratory

judgment finding that the Utah Business Opportunity Disclosure Act[1] violates the Commerce

Clause of the United States Constitution and that the Division violated iMergent's due process

---

[1] Utah Code Ann. § 13-15-1 *et seq.*

rights by applying the act to iMergent.  IMergent also requests that the court issue a declaratory judgment regarding the applicability of the act and equitably estop the Division from enforcing it. But the court is unable to hear iMergent's claims — iMergent has failed to demonstrate that its claims are ripe for judicial review or that, in light of *Younger v. Harris*,[2] the court may exercise jurisdiction over this matter.  The court, therefore, finds it necessary to abstain in this case, and to grant the Division's motion to dismiss.

## BACKGROUND

For purposes of this order, the court finds the following facts.  The plaintiff corporations are incorporated in Delaware, but both have principal places of business in Orem, Utah.  Both corporations provide Internet-based services and products to enable small business owners and entrepreneurs to conduct Internet-based business.  The plaintiffs hold seminars and workshops concerning their software and other services at locations outside of Utah, but offer no seminars in Utah and sell nothing to Utah residents.  Similarly, all of their sales contracts are executed outside of Utah.

In November 2003, StoresOnline and the Division entered into a settlement agreement regarding the applicability of Utah's consumer protection laws and regulations to the corporation. StoresOnline alleges that, as per the agreement, it was not subject to the Business Opportunity Act at that time, and it has not changed its business conduct in any material way since then.

On August 6, 2006, in response to complaints it received against iMergent, the Division sent a letter to iMergent.  The Division then issued an administrative citation to iMergent on

---

[2] 401 U.S. 37 (1971).

August 28, 2006.  The Division claimed iMergent had offered "assisted marketing plans" in violation of the Business Opportunity Act and had failed to register as the act required.  The same day the Division issued the citation, iMergent filed this law suit.  Then, it requested a hearing regarding the administrative citation.  The Division scheduled a hearing for November 11, 2006.  IMergent has since requested two continuances.  The hearing is now set for March 27, 2007.  In other words, the Division has yet to conduct proceedings against iMergent or to make any findings in the matter.

In the amended complaint filed with this court, iMergent sought an order from the court declaring that the Business Opportunity Act violates the Commerce Clause as applied to iMergent, the statute is unconstitutionally vague, enforcement of the statute would violate iMergent's due process rights because of the parties' 2003 settlement, and the actions of a Division employee violated iMergent's rights under 42 U.S.C. § 1983.  Further, iMergent asked the court for a declaratory judgment as to the applicability of the Business Opportunity Act to iMergent, and asked for an order equitably estopping the Division from enforcing the act.  In response to this complaint, the Division filed a motion to dismiss.

In its opposition to the Division's motion to dismiss, iMergent labels its suit as a § 1983 suit.  And iMergent argues it is not required to exhaust its administrative remedies before filing a § 1983 suit in federal court.  But these references to § 1983 are out of place.  The only § 1983 claim iMergent made was against Kent Nelson, and the parties stipulated to the dismissal of Mr. Nelson as a defendant, with prejudice, on January 25, 2007.  Therefore, no § 1983 claims or claims for damages remain before this court — only declaratory judgment requests remain.

**STANDARD OF REVIEW**

When reviewing a motion to dismiss, the court "must accept as true all of the factual allegations contained in the complaint"[3] and decide if the allegations would entitle the plaintiff to a legal remedy.[4]  The court views all well-pleaded factual allegations "in the light most favorable to the nonmoving party."[5]  But motions made pursuant to Rule 12(b)(6) succeed when claims are "fatally flawed in their legal premises and destined to fail."[6]

**DISCUSSION**

In its complaint, iMergent requests this court to declare the Division's conduct violative of the Constitution and of iMergent's rights.  But the court concludes that it must abstain from deciding the issues iMergent presents because they are not yet ripe for judicial review and because *Younger* abstention is warranted in this case.

*(A)       Ripeness / Subject Matter Jurisdiction*

As an initial matter, the court must dismiss this case because it lacks subject matter jurisdiction — the claims are not ripe for review.  Questions of ripeness are treated as Rule

---

[3] *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 n.1 (2002) (citing *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993)).

[4] *Dunn v. White*, 880 F.2d 1188, 1190 (10th Cir. 1989).

[5] *Moore v. Guthrie*, 438 F.3d 1036, 1039 (10th Cir. 2006) (citation and internal quotations omitted).

[6] *Advanced Cardiovascular Sys., Inc. v Scimed Life Sys., Inc.*, 988 F.2d 1157, 1160 (Fed. Cir. 1993).

12(b)(1) challenges to the court's subject matter jurisdiction.[7]  It is the complainant's burden to demonstrate, through its factual allegations, the appropriateness of obtaining judicial resolution of the dispute.[8]  IMergent has neglected to sufficiently make this demonstration in its amended complaint or in its rather brief response to the Division's motion to dismiss.  In fact, in its response, iMergent failed to devote a single word to disputing the Division's ripeness argument.  Although the Division did not argue ripeness issues in depth in its motion to dismiss, it raised the issue sufficiently to merit a response from iMergent.

Claims are not justiciable unless they are ripe.  The ripeness requirement is meant "'to prevent courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements.'"[9]  Controversies must be presented in a "'clean-cut and concrete form'" to be ripe for judicial determination.[10]  To assess ripeness, the court must evaluate the "fitness of the issue for judicial resolution and the hardship to the parties of withholding judicial consideration."[11]  The main focus in determining if an issue is fit for judicial review is "whether the case involves uncertain or contingent future events that may not occur as anticipated, or indeed may not occur at all."[12]  Courts concentrate on the finality of the challenged government

---

[7] *New Mexicans for Bill Richardson v. Gonzales*, 64 F.3d 1495, 1498–99 (10th Cir. 1995).

[8] *Id.* at 1499.

[9] *Id.* (quoting *Abbott Labs. v. Gardner*, 387 U.S. 136, 148 (1967)).  .

[10] *Id.* (quoting *Renne v. Geary*, 501 U..S. 312, 322 (1991)).

[11] *Id.* (quoting *Sierra Club v. Yeutter*, 911 F.2d 1405, 1415 (10th Cir. 1990)).

[12] *Id.* (citation and internal quotations omitted).

action and whether resolution on the merits requires facts not yet developed sufficiently, or if it depends on wholly legal issues.[13]   The main focus in determining the hardship to the parties is whether "the challenged action creates a 'direct and immediate' dilemma for the parties."[14]

With regard to the fitness of the issues for judicial review, the questions iMergent poses are not purely legal.  They involve a specific factual setting — the application of the Business Opportunity Act to businesses alleged to be in violation of the act, that are headquartered in Utah but doing business elsewhere.  Critical to iMergent's claims is whether application of the Business Opportunity Act to iMergent violates the Constitution.  But the court cannot even reach this question until the act *has been applied* to iMergent.  Whether (and to what extent) the act applies to iMergent is a question pending before the Division.  In other words, this dispute hinges on uncertain future events and as-yet undeveloped facts.  After the hearing, the Division may decide not to apply the act to iMergent at all, or it may apply it in a constitutionally unobjectionable manner.  Only if the Division were to actually apply the act to iMergent during the administrative proceeding would the issue be removed from the hypothetical realm and become ripe for review.  Put differently, this is far from a concrete and clear-cut controversy.  No federal constitutional question even exists at this point.  Further factual development of these uncertain and contingent issues would be necessary for any type of judicial review to effective. Until then, the questions iMergent poses are not ripe and the court must abstain from addressing them.

---

[13] *Id.*

[14] *Id.* (citation and internal quotations omitted).

This conclusion is bolstered by the general ripeness requirement that the challenged government action be final.[15] The Division's action against iMergent is far from final. To date, the Division has sent a letter and issued a citation, but has taken no further action. In fact, at iMergent's request, the Division has repeatedly postponed administrative hearings scheduled to address the citation. The citation itself does not qualify as a final agency action because it, alone, does not alter or burden the rights or duties of iMergent, especially in light of the pending administrative hearing. At this point, it is entirely unclear what final action the Division will choose to take. The court must not pass on the legality of government action that remains in such a nascent state.

With regard to hardship to the parties, the court must decide whether the challenged action creates a direct and immediate dilemma. The court sees no such dilemma for iMergent or for the Division. IMergent failed to establish (or even allege) the existence of any sort of "Catch-22" that will arise if judicial consideration is withheld at this time. As it is not the court's job to craft the parties' arguments for them, the court has no choice but to find iMergent failed to meet its burden under this prong.

In light of this, the court finds iMergent's claims to be unripe for review, and dismisses the claims for lack of subject matter jurisdiction. Even if the claims were ripe for review, however, the court would need to abstain from hearing the case pursuant to *Younger*.

---

[15] *Id.* at 1504 n.5.

*(B)*    Younger *Abstention*

    1.    <u>General Applicability.</u>

Even if iMergent's claims were ripe for review, the court would abstain from hearing this case pursuant to *Younger*. The United States Supreme Court has recognized a "national policy forbidding federal courts to stay or enjoin pending state court proceedings except under special circumstances."[16] This policy is based on comity — the notion of respect for state functions.[17] Under *Younger*, only in extraordinary circumstances should federal courts interfere with pending state court proceedings.[18] *Younger* abstention is jurisdictional, so when the conditions for abstention are met, absent waiver, the court has no choice but to abstain.[19]

To determine whether *Younger* abstention is required, the court must consider whether:

(1) there is an ongoing state criminal, civil or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated stated policies.[20]

In this case, all three considerations make clear that this court must abstain.

The Tenth Circuit, in *Amanatullah v. Colorado Board of Medical Examiners*,[21] applied

---

[16] *Younger v. Harris*, 401 U.S. 37, 41 (1971).

[17] *Id.* at 44.

[18] *Id.* at 45; *Morrow v. Winslow*, 94 F.3d 1386, 1393 (10th Cir. 1996).

[19] *See Morrow*, 94 F.3d at 1390; *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1229 (10th Cir. 2003).

[20] *Crown Point*, 319 F.3d at 1215.

[21] 187 F.3d 1160 (10th Cir. 1999).

these considerations in a manner that reveals the inevitability of the court's abstention here.  Dr. Amanatullah practiced medicine in Nevada, but faced disciplinary action by the Nevada Board of Medical Examiners.  After Dr. Amanatullah entered into a settlement agreement with the Nevada board, he moved to Colorado, where he was also licensed to practice medicine.  But shortly thereafter, the Colorado Board of Medical Examiners began investigating the Nevada allegations.  An inquiry panel from the Colorado board ultimately referred Dr. Amanatullah's case to the State Attorney General for formal disciplinary proceedings to revoke Dr. Amantullah's license.  Soon after Dr. Amanatullah received notice of this referral, he filed suit in federal court pursuant to 42 U.S.C. § 1983.  The district court concluded, pursuant to *Younger*, it had to abstain from hearing the case.  Dr. Amanatullah appealed this abstention decision.

On review, the Tenth Circuit determined that the district court had appropriately abstained from hearing the case.  First, the court noted that the Colorado board initiated state proceedings against Dr. Amanatullah before he filed a complaint in federal court.[22]  Next, the court determined the state provided an adequate forum to hear Dr. Amanatullah's constitutional and civil rights claims.  Specifically, the court found the state agency's statutory authority to dispose of motions to dismiss on any grounds was sufficient to find that the state provided an adequate forum to hear the plaintiff's federal claims.[23]  And the court found the state provided an adequate forum because the board's action was subject to the judicial review: "It is sufficient for purposes of *Younger* abstention that federal challenges, such as Amanatullah's civil rights

---

[22] *Id.* at 1163.

[23] *Id.* at 1164.

complaints, may be raised in state court judicial review of administrative proceedings."[24]  Finally, the court found the licensing and discipline of physicians to constitute an important state interest that traditionally looks to state law for resolution.[25]

        In this case, just as in *Amanatullah*, iMergent has proffered no grounds that would argue against abstention.  For one thing, as in *Amanatullah*, the Division initiated proceedings against iMergent by issuing iMergent a letter in August 2006, followed by a citation a few weeks later. This action preceded iMergent's filing of its federal claim.  Further, the proceedings before the State are ongoing — no State action against iMergent has yet been finalized.  In fact, it is unclear what action the Division plans to take and what the outcome of the March 27, 2007, hearing will be.  Therefore, there is an active, civil proceeding in a state tribunal.  Further, the proceedings before this court are in an "embryonic stage."  Until now, this court has decided no contested matters, putting this claim squarely within the ambit of *Younger*.[26]

        Next, iMergent has failed to demonstrate that the state proceedings provide an inadequate forum to hear the constitutional claims raised in its federal complaint.  IMergent claims the state proceedings are inadequate because under Utah law, an agency has no authority to determine the constitutionality of a statute.  But *Amanatullah* makes this contention a non-issue.  In *Amanatullah*, the Tenth Circuit — following the lead of the Supreme Court — explicitly determined that: "It is sufficient for purposes of *Younger* abstention that federal challenges, such

---

[24] *Id.* (citing *Ohio Civil Rights Comm'n v. Dayton Christian Sch., In*c., 477 U.S. 619, 629 (1986)).

[25] *Id.* at 1164–65.

[26] *See Doran v. Salem Inn, Inc.*, 422 U.S. 922, 929 (1975).

as Amanatullah's civil rights complaints, may be raised in state court judicial review of administrative proceedings."[27]   Under Utah law, iMergent can appeal the decision of the Division to the Utah Department of Commerce and have the Department's decision reviewed by the state courts, *de novo*.[28]   Therefore, even if the Division cannot decide some of iMergent's claims, iMergent will have the chance to raise its federal claims in state court during the judicial review process.   And this court is confident Utah's state courts can adequately protect iMergent's rights — state processes are entirely capable of accommodating "various interests and deciding the constitutional questions" in a case.[29]   IMergent has raised no uniquely federal claims a state court would be unable to adequately address.   Therefore, the Division's administrative process constitutes an adequate forum for iMergent's claims.

Finally, the regulation of corporations headquartered in Utah involves important state interests, as partly reflected by the "longstanding prevalance of state regulation"[30] in the corporate area.   The Division argues that when consumers purchase goods and services from companies headquartered in Utah, the Division's response to consumer complaints impacts Utah's reputation and the reputation of other Utah businesses.   Certainly, the State has an interest in protecting consumers against the harms of unchecked, exploitative businesses that are centered in Utah.   And the State has an interest in preventing Utah from obtaining a reputation as being a

---

[27] *Amanatullah*, 187 F.3d at 1164 (citing *Ohio Civil Rights Comm'n v. Dayton Christian Sch., Inc.*, 477 U.S. 619, 629 (1986)).

[28] *See* Utah Code Ann. §§ 63-46b-5, -15.

[29] *Moore v. Sims*, 442 U.S. 415, 435 (1979).

[30] *CTS Corp. v. Dynamics Corp. of Am.*, 481 U.S. 69, 78, 88–89 (1987).

haven for such businesses.  In sum, corporate regulation is a matter that traditionally looks to state law for its resolution, and it's a matter that reflects and implicates specific state policies.

For all these reasons, the *Younger* doctrine is plainly applicable here.  Although exceptions to the *Younger* doctrine exist, none applies in this case.  For instance, a party is not required to exhaust her state appellate remedies before seeking a federal injunction if (1) the state proceeding is conducted in bad faith or is motivated by a desire to harass, (2) the challenged statute flagrantly violates express constitutional prohibitions, or (3) extraordinary circumstances exist.[31]  IMergent has not even attempted to make a showing that any of these exceptions apply or that it may suffer any kind of an irreparable injury if a state court hears its claims.  Moreover, it appears from the facts that iMergent would be unable to make such a showing.

Because the court abstains from hearing this case on the separate and independent grounds of lack of ripeness and *Younger* abstention, the court need not (and does not) reach the Division's claims that the court must refuse to exercise jurisdiction under the *Burford* and the *Pullman* abstention doctrines as well.

### 2.    Dismissal of the Case

Citing *D.L. v. Unified School District*,[32] iMergent argues that even if the court finds it necessary to abstain pursuant to *Younger*, the only appropriate course of action is to temporarily stay proceedings, not to dismiss the case.  In *D.L.*, the Tenth Circuit quoted the Supreme Court in

---

[31]  *Morrow*, 94 F.3d at 1392.

[32]  392 F.3d 1223, 1228 (10th Cir. 2004).

*Quackenbush v. Allstate Ins. Co.*:[33] "we have permitted federal courts applying abstention principles in damages actions to enter a stay, but we have not permitted them to dismiss the action altogether."[34]

In both *D.L.* and *Quackenbush*, the courts limited the reach of the stay requirement to federal damages claims. IMergent only filed one such claim — the due process and § 1983 claim against Kent Nelson. But the parties later stipulated to the dismissal of Mr. Nelson as a party, so iMergent's only claim for damages is no longer before this court. Since the stay requirement only pertains to damage claims, it is inapplicable here. With regard to the remainder of the claims, iMergent seeks declaratory judgment. The court, therefore, finds is appropriate to dismiss, rather than stay, iMergent's claims.

## CONCLUSION

Because the claims in this case are not yet ripe for judicial review, and because the court finds it necessary to abstain from hearing the case pursuant to *Younger*, the court GRANTS the Division's motion to dismiss [# 15]. The clerk's office is directed to close the case.

DATED this 21st day of March, 2007.

BY THE COURT:

Paul G. Cassell
United States District Judge

---

[33] 517 U.S. 706 (1996).

[34] *Id.* at 730.